## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| BERNARD KIRK BARNES, ID # 1952319, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:15-CV-1651-N  (BH) |
| | ) | |
| JEFF PRINGLE, Senior Warden, | ) | Referred to U.S. Magistrate Judge |
| TDCJ-Hutchins State Jail, | ) | |
| Respondent. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

### I.  BACKGROUND

Bernard Kirk Barnes (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

Petitioner appears to challenge his conviction on September 4, 2014, for delivery of a controlled substance in cause No. 2-14-333 in the 382nd Judicial District Court of Rockwall County, Texas, and ten-year sentence. *See* doc. 3 at 2; *see also Ex parte Barnes,* WR-7,589-27 (Tex. Crim. App. January 21, 2015); http://trueauto.rockwallcountytexas.com; http://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=01950705, search for Petitioner. [1] Petitioner did not file a direct appeal or a petition for discretionary review. (doc. 3 at 3.) Petitioner did file a state application for writ of habeas corpus in November 2014, but that application was dismissed for non-compliance with Texas Rule of Appellate Procedure 73.1 on

---

[1] Petitioner fails to list the charge, and he lists the incorrect trial court and date of conviction in his federal petition.

January 21, 2015. *See See Ex parte Barnes,* WR-7,589-27 (Tex. Crim. App. January 21, 2015).

Petitioner asserts several grounds for relief: 1) the failure to consider his additional pages in support of his state writ application was a violation of due process of law;  2) the trial court who took his plea was without jurisdiction because a visiting judge presided ; 3) he received ineffective assistance of counsel when his counsel failed to file a motion to suppress the evidence because his vehicle was stopped without probable cause; and 4) there was no evidence to support his plea of guilty. (doc. 3, at 6-7.)

## II. PROPER RESPONDENT

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]'." *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004), quoting 28 U.S.C. § 2242; *see also* Rule 2(a) of the Rules Governing Section 2254 Cases ("the petition must name as respondent the state officer who has custody" of petitioner). Generally, the only proper respondent is "'the person' with the ability to produce the prisoner's body before the habeas court'". 542 U.S. at 434-35. "In habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Id.* at 435.

Because Petitioner challenges a conviction that has resulted in his incarceration in the TDCJ-State Jail division under § 2254, either the warden of the institution where he is incarcerated or the chief officer in charge of state penal institutions (William Stephens, Director of TDCJ-CID) is a proper respondent.  *See id.;* Advisory Committee Notes to Rule 2(a) ("The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions.").  Here Petitioner named Warden Cokerall

as Respondent, but the Senior Warden at the Hutchins State Jail is now Jeff Pringle. *See* www.tdcj/unitdirectory/HutchinsStateJail, (last visited June 1, 2015). Under Federal Rule of Civil Procedure 25(d), when a public officer named in an official capacity ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d).  To the extent that Petitioner intended to name the current warden as the respondent, current Senior Warden Pringle is hereby substituted as Respondent under Rule 25(d).  To the extent that Petitioner intended to name Warden Cokerall as the respondent, current Senior Warden Pringle should be substituted as the proper respondent.

### III. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b).  To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court.  *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus.  *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.  To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court.  *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

A federal district court may raise the lack of exhaustion *sua sponte*.  *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997).  It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief.  *See Rose v. Lundy*,

455 U.S. 509, 510 (1982).  As a matter of comity, the state courts must be given a fair opportunity

to hear and consider the claims raised by an applicant before those claims are heard in federal court.

*Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented the claims he raises in his federal petition to the

Texas Court of Criminal Appeals. In dismissing Petitioner's writ application the Court of Criminal

Appeals wrote: "[t]he Court has dismissed your application for writ of habeas corpus without written

order for non-compliance with Texas Rule of Appellate Procedure 73.1. APPLICANT HAS

EXCEEDED THE TWO PAGES ALLOWED FOR EACH GROUND FOR RELIEF AND

SUPPORTING FACTS." *Ex parte Barnes,* WR-7,589-27 (Tex. Crim. App. January 21, 2015)

(emphasis in original).  Petitioner failed to allow the state courts an opportunity to address his claims

because of his failure to comply with the procedural rules in that forum, which resulted in dismissal

of the application for noncompliance. *See generally Ex Parte Walton*, 422 S.W.3d 720, 721 (Tex.

Crim. App. 2014) (citing Tex. R. App. P. 73.1 and 73.2)  (discussing new page limitation for any

memorandum of law and authority to dismiss an application for being excessively long).  Under

Texas law, a dismissal connotes a disposition for reasons other than on the underlying merits of a

claim, and this type of resolution will not preclude review of the merits of substantive claims when

presented in a subsequent application. *Ex Parte Torres*,  943 S.W.2d 469, 472-474 (Tex. Crim. App.

1997) (discussing implications of dismissal and denial dispositions in regard to subsequent writ

applications). Federal courts must defer to a state court's interpretation of its own state law,

including whether a state application is considered properly filed. *Bradshaw v. Richey*, 546 U.S. 74,

76 (2005); *see also Broussard v. Thaler*, 414 F. App'x. 686, 688  (5th Cir. 2011) (unpublished)

(noting that federal courts must defer to state court determinations of state procedures and a failure

4

to properly file a state application does not toll federal limitations).

By filing a state application that did not comply with state procedural requirements, Petitioner failed to exhaust his state court remedies. His failure to properly exhaust his claims is not excused due to "an absence of a state corrective process" or circumstances rendering that process "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)–(ii).   A dissatisfaction with state court procedural rules does not provide a license to bypass state procedural rules to simply proceed in the forum of his choice.   Because the state court has not been afforded a fair opportunity to consider the merits of Petitioner's  claims, the claims are unexhausted for purposes of federal habeas review. *See Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001).

## III. RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 2nd day of June, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6